UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| PRINCESSE D'ISENBOURG ET CIE LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| KINDER CAVIAR, INC., | ) ) | Civil Action No. 3: 09-29-DCR |
| Defendant, | ) ) | |
| and | ) ) | |
| KINDER CAVIAR, INC., | ) ) | **MEMORANDUM OPINION** |
| Third-Party Plaintiff, | ) ) | **AND ORDER** |
| V. | ) ) | |
| UNITED AIRLINES, INC., | ) ) | |
| Third-Party Defendant. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is pending for consideration of the request by Defendant/Third-Party Plaintiff Kinder Caviar, Inc. ("Kinder") for a non-lawyer representative to appear on its behalf. For the following reasons, Kinder's request will be denied.

**I.   Background**

This case was filed on June 6, 2009. [Record No. 1] It arises from a dispute over a shipment of caviar that did not reach its destination because it failed to meet European Union

-1-

import requirements. On October 13, 2010, Kinder's attorneys submitted a motion to withdraw as counsel, citing irreconcilable differences. [Record No. 72] On November 2, 2010, the Court held a hearing on, and granted, the motion to withdraw. [Record No. 76] The Court held the case in abeyance for thirty days to allow Kinder to obtain new counsel. [*Id.*] At that time, Joyce Kinder informed the Court of a desire to proceed *pro se*. The Court provided full warning at that time of the potential hazards of proceeding *pro se*. Nonetheless, at the end of the thirty-day period, Kinder has not hired counsel and Ms. Kinder indicated that she desires to proceed on her own behalf: *pro se*. Additionally, Kinder has submitted a letter to the Court requesting that a non-attorney be permitted to appear in a representative capacity on Kinder's behalf.

**II. Analysis**

Title 28 of the United States Code, § 1654, establishes the right of parties to appear *pro se*, on their own behalf. The statutory provision states: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. In essence, statute provides two options: parties may represent themselves or, alternatively, they may hire an attorney. It does not allow for a party to be represented by a non-attorney third party. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("In federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves" (internal citation omitted)). This Court will permit an unlicensed third party, who is not a party to the

case, to appear on another's behalf. *Shepherd v. Wellman*, 3128 US3 F.3d 963, 970 (6th Cir. 2002) ("[Section 1654] does not permit plaintiffs to appear pro se where interests other than their own are at stake."). The reason for this rule is fairly clear: if any person, attorney or non-attorney, could represent others in court, it would eliminate the efficacy of licensing attorneys. While Kinder's request appears simple on its face, the effect of granting such requests would be to make membership in the bar altogether superfluous.

Beyond Kinder's motion for additional representation, there is an additional issue with Joyce Kinder representing Kinder Caviar, Inc. The Supreme Court has explained that "a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (internal citations omitted). The rationale "applies equally to all artificial entities," including corporations, partnerships, and associations. *Id.* A corporate entity is distinct from the individuals that own it or are employed by it. *See Holsclaw v. Kenilworth Ins. Co.*, 644 S.W.2d 353, 355 (Ky. App. 1982) (a corporation is normally considered a distinct entity from its shareholders, officers and directors). Therefore, when a corporation is sued, the individual employees and owners are not "parties" within the meaning of 28 U.S.C. § 1654. For this reason, a corporation cannot appear *pro se*. As the Sixth Circuit has clearly stated, "The rule of this circuit is that a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) (citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969)).

In light of the foregoing, neither Joyce Kinder nor any other non-lawyer employed by or affiliated with the Defendant will not be permitted to appear in this action on behalf of Kinder Caviar, Inc. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Third-Party Plaintiff Kinder Caviar, Inc.'s letter dated January 17, 2011, shall be filed into the record and construed as a motion for a non-lawyer representative to appear on its behalf.

2. Defendant/Third-Party Plaintiff Kinder Caviar, Inc.'s motion for a non-lawyer representative to appear on its behalf is **DENIED**.

This 24th day of January, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge