UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| PRINCESSE D'ISENBOURG ET CIE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| KINDER CAVIAR, INC., | ) | Civil Action No. 3: 09-29-DCR |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KINDER CAVIAR, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Third-Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third-Party Defendant United Airlines' Motion for Summary Judgment [Record No. 96] as well as Third-Party Plaintiff Kinder Caviar's Motion to Continue [Record No. 117] and Motion to Withdraw [Record No. 107]. For the following reasons, United's motion for summary judgment will be granted in part and denied in part. Kinder's motions to continue and withdraw will be granted.

-1-

## I. Background

This case began with a contract for the purchase and sale of paddlefish caviar. Princesse D'Isenbourg, an English corporation, purchased 550 pounds of caviar from Kinder Caviar, a Kentucky company. However, the paddlefish never reached Isenbourg. Because of errors in the customs paperwork and shipping labels affixed to the package, the shipment was held at United Kingdom Customs and never allowed to enter the country. In a previous opinion, this Court held that Kinder breached its contract with Isenbourg by failing to deliver the goods. [Record No. 95]

Because the package was denied entry to the United Kingdom, Isenbourg eventually had to ship it back to the United States. Isenbourg contracted with United Airlines to ship the caviar from the United Kingdom to Kentucky. Kinder alleges that, when the caviar arrived in Kentucky, it had been thawed and re-frozen, which permanently damaged the goods. Kinder also alleges that the package had been damaged in other ways that called into question the integrity of its contents. Kinder initiated a claims process with United Airlines but as of this date, it has not received a resolution of that claim. Kinder then brought this third-party action against United Airlines.

## II. Summary Judgment Analysis

Ultimately, analysis of this motion centers on the proper reading of Kinder's poorly drafted Third-Party Complaint. Although it contains factual allegations concerning United's handling of the caviar during return shipment, the only cause of action Kinder's complaint asserts is for common law indemnity. In response, United argues that indemnity is improper

because United was not the primary and efficient cause of the injury to Isenbourg. According to United, Isenbourg's injury is based on the fact that is that the caviar never reached Isenbourg's place of business in the United Kingdom. United had no role in the original transaction (DHL was the shipping agent for the original shipment from Kentucky to the United Kingdom); therefore, United claims it was not the cause of Kinder's breach or the injury to Isenbourg. Kinder, for its part, never addresses the issue of common law indemnity. Thus, on that issue, Kinder has failed to rebut United's arguments or identify a genuine issue of material fact regarding its claim for indemnity. Instead, Kinder argues that its Third-Party Complaint should be liberally interpreted to include a "claim directly against [United] for cargo damage." [Record No. 114, p. 4] Alternatively, Kinder argues that it should be granted leave to amend its complaint and assert such a claim.

In summary, while Kinder essentially concedes that United was not the cause of the injury to Isenbourg and indemnity would not be proper, it argues that its Third-Party Complaint contains a different claim altogether (i.e., a direct claim for damages), as to which there exist ample issues of material fact to survive summary judgment. In the end, both parties are partially correct. Kinder has not alleged facts sufficient to support a claim for indemnity and, therefore, the Court will grant summary judgment on that issue. However, while the law does not allow the Court to liberally interpret Kinder's complaint at this stage of the proceedings, Kinder will be granted leave to amend its Third-Party Complaint and assert the claim for cargo damage that is thinly-outlined in its current complaint.

## A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine dispute as to a material fact exists if there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In other words, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The moving party initially bears the burden of informing the court of the basis for its motion. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002) (citing *Celotex*, 477 U.S. at 323). The movant does so by bringing forward the relevant portions of the record which establish the absence of a genuine issue of material fact. *Id.* Once the movant has satisfied its burden, the nonmoving party must go beyond the pleadings and produce specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party must do more than cast some "metaphysical doubt" on the material facts. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). It must present significant, probative evidence of a genuine issue in order to defeat the motion for summary judgment. *Id.* In reviewing the motion, the Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 586–87.

### B.     Indemnity

United argues that it should not be held liable for indemnity because it had no responsibility for the injury sustained by Isenbourg: the caviar's failure to clear United Kingdom Customs. The caviar was rejected at customs because of improper shipping labels. It is undisputed that United did not have possession of the caviar until *after* it was rejected at customs. United asserts that the underlying case deals principally with a breach of contract, and it did not become involved until after the breach had occurred. Therefore, United argues that it was not the primary and efficient cause of the injury sustained by Isenbourg and cannot be held liable for indemnity.

As previously noted, Kinder completely fails to respond to this argument. Its brief does not point to a single fact in the record evidencing a dispute regarding whether United caused the injury to Isenbourg. [*See* Record No. 114] As explained, the nonmoving party has a burden on a motion for summary judgment. Once the moving party has addressed an issue and argued that no genuine issue of material fact exists, the nonmoving party must "come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao*, 285 F.3d at 424 (citing Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324). Kinder has failed to meet this burden concerning its claims for indemnification. Therefore, the Court will grant summary judgment in United's favor as to the issue of indemnity.

### C.     Direct Cargo Damages

Rather than rebut United's arguments concerning indemnity, Kinder asserts a new claim and then points to genuine factual issues in the record to support its argument that

summary judgment is not appropriate. Kinder claims that its Third-Party Complaint, interpreted liberally, contains a direct claim for cargo damage. In reply, United argues that the liberal pleading standard is inapplicable at the summary judgment stage and that a party cannot raise a new claim in response to a motion for summary judgment.

As a matter of law, United is correct that the liberal pleading standard does not apply during summary judgment analysis. *See Tucker v. Union of Needletrades, Indus., and Textile Emps.*, 407 F.3d 784, 787–88 (6th Cir. 2005). While the Federal Rules of Civil Procedure allow for liberal notice pleading at the outset of a case, "[o]nce a case has progressed to the summary judgment stage . . . 'the liberal pleading standards under . . . [the Federal Rules] are inapplicable.'" *Id.* at 788 (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (alteration by *Tucker* court)). Consequently, for purposes of the motion for summary judgment, the Court cannot apply the liberal interpretation Kinder requests to the Third-Party Complaint.

However, Kinder's claim is not foreclosed altogether. The *Gilmour* court explained an alternative: "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." 382 F.3d at 1315. Rule 15(a) allows a party to amend a complaint with the court's leave and notes that "[t]he court should freely give leave when justice requires." Fed. R. Civ. P. 15(a). Kinder requested this relief in its response to United Airlines' motion for summary judgment. [*See* Record No 114, p. 6 ("[A]t the very least, Kinder should be given leave to re-plead pursuant to Rule 15 Fed. R. Civ. P.")] Consequently, the Court will construe Kinder's Response

[Record No. 114] as a Motion for Leave to Amend the Third-Party Complaint and consider whether such leave is proper.

In this case, justice requires leave to amend. In fact, the only reason United can argue that such a claim has not already been asserted is poor drafting of the Third-Party Complaint. The facts of the Third-Party Complaint almost exclusively addresses United's handling of the return shipment of the caviar from the United Kingdom to Kentucky. For instance, Kinder asserts that "paddlefish caviar is a perishable item and United was instructed on proper handling and care of the paddlefish caviar" [Record No. 38 ¶ 7]; "[t]hat the paddlefish caviar arrived at Heathrow Airport undamaged" [*id.* ¶ 8]; that Kinder received no report the caviar was damaged when it left Heathrow [*id.* ¶ 10]; and that when the caviar reached Louisville, Kentucky, Kinder "immediately observed obvious damage to the seven (7) containers and potential damage to the paddlefish caviar itself." [*Id.* ¶ 12] Kinder also claims that "said damage was caused in whole or in part by United . . . as the caviar was in the complete control of United." [*Id.* ¶ 14] Kinder's Third-Party Complaint clearly alleges facts that United damaged the caviar during return shipment, not that United was the primary and efficient cause of Kinder's breach of its contract with Isenbourg. However, Kinder later alleges that "any damages or relief Kinder Caviar is required to pay or perform as a result of the complaint filed herein by Isenbourg are caused . . . by the conduct of United." [*Id.* ¶ 22] Despite setting out facts that support a direct claim, Kinder only alleges a claim for indemnity, [*id.* ¶¶ 21–23] and asks for indemnification in its prayer for relief. [*See id.*, p. 5 ¶¶ 2–3]

Such claims would not "subject the defendant to unfair surprise." *Rhea v. Fifth Street Hi-Rise, Inc.*, No. 04-374, 2006 WL 2591014, at *3 (E.D. Ky. Sept. 8, 2006). United was on notice of Kinder's allegations because Kinder filed a claim with United's Cargo Claims Department concerning the damage to the caviar. [Record No. 114-5] Joyce Kinder communicated with United to try to resolve this claim. [Record No. 114-4] Only after such communication failed to resolve the dispute did Kinder bring its third-party claim against United. By granting leave to amend, the Court will allow Kinder to pursue the claims which, poor drafting notwithstanding, appear to have been the gravamen of its dispute with United all along.

### III. Other Pending Motions

Two other motions are pending in this case. On March 28, 2011, counsel for Third-Party Plaintiff Kinder Caviar submitted a motion to withdraw, citing irreconcilable differences and a refusal to pay attorney fees. [Record No. 107] The Court delayed ruling on the motion to allow Kinder to respond to United's pending motion and make any necessary motions for a continuance that Kinder deemed proper. [Record No. 110] Kinder's counsel has satisfied his obligations, and the Court finds sufficient cause to allow him to withdraw from this case. Consequently, the motion to withdraw will be granted.

Kinder also submitted a Motion to Continue on April 28, 2011. [Record No. 117] Kinder Caviar, Inc., as well as its owners Joyce and Steve Kinder, were recently indicted in the United States District Court in the Southern District of Ohio. Kinder's April 28 motion informed the Court that the criminal case involves a forfeiture charge that covers property

also at issue in this case. Thus, even though the only question still pending in Isenbourg's suit is the amount of damages, any testimony concerning such property may relate to the forfeiture counts of the criminal indictment. Out of an abundance of caution to protect the Kinders' Fifth Amendment rights, the Court will grant Kinder's motion for a continuance and continue the hearing on damages until after the resolution of the Kinders' criminal case.

**IV.     Conclusion**

Kinder has failed to raise a genuine issue of material fact as to its indemnity claim. However, Kinder has made a proper request for leave to amend its Third-Party Complaint and assert a claim for direct cargo damages. Because justice would be served by granting leave to amend, Kinder's request will be granted. Further, Kinder's motion for a continuance and motion to withdraw as counsel will be granted. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Third-Party Plaintiff Kinder Caviar, Inc.'s Response to Third-Party Defendant's Motion for Summary Judgment [Record No. 114] is construed as a Motion for Leave to Amend the Third-Party Complaint. That motion is **GRANTED**.

(2)     Third-Party Defendant United Airlines, Inc.'s Motion for Summary Judgment [Record No. 96] is **GRANTED** as to Third-Party Plaintiff Kinder Caviar's claims for indemnification. The motion is **DENIED**, without prejudice, as to any remaining claims.

(3)     Kinder's counsel's Motion to Withdraw [Record No. 107] is **GRANTED**.

(4) Kinder's Motion to Continue [Record No. 117] is **GRANTED**. The trial on damages set for May 24, 2011, is **CONTINUED** generally. This action shall be **STAYED** until **October 26, 2011.**

(5) Kinder shall have a twenty (20) days after the stay is lifted to file an Amended Third-Party Complaint.

(6) The parties are **DIRECTED** to file a status report on or before October 26, 2011, informing the Court of the status of the criminal proceedings.

This 2nd day of May, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge