UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| PRINCESSE D'ISENBOURG ET CIE LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| KINDER CAVIAR, INC., | ) ) | Civil Action No. 3: 09-29-DCR |
| Defendant, | ) ) | |
| and | ) ) | |
| KINDER CAVIAR, INC., | ) ) | **MEMORANDUM ORDER** |
| Third-Party Plaintiff, | ) ) | |
| V. | ) ) | |
| UNITED AIRLINES, INC., | ) ) | |
| Third-Party Defendant. | ) | |

**** **** **** ****

This matter is pending for consideration of Plaintiff Princesse D'Isenbourg Et Cie Ltd.'s ("Princesse") motion for an order compelling discovery from Joyce Kinder, an officer of Defendant Kinder Caviar, Inc. [Record No. 142] On January 18, 2012, Princesse also filed a supplemental motion to compel discovery after Defendant Kinder Caviar, Inc. and its owners, Joyce and Steve Kinder entered guilty pleas to criminal charges pending in the United States

District Court for the Southern District of Ohio. [Record No. 144]. For the reasons discussed below, the Court will grant a portion of the relief sought.

## I.  The Plaintiff's Post-Judgment Collection Efforts

Following a one-day bench trial held on December 14, 2011, the Court entered a final judgment in favor of Princesse and against Defendant Caviar, Inc., in the amount of $299,240.00, together with pre-judgment and post-judgment interest. The plaintiff was also awarded all taxable costs incurred in this proceeding. Princesse commenced collection efforts shortly thereafter. While Kinder Caviar filed a Notice of Appeal following entry of the adverse judgment [Record No. 137], it has not posted a bond to prevent collection of the judgment.

On December 22, 2011, Princess filed a notice to take the deposition of Joyce Kinder together with a subpoena duces tecum. [Record No. 136] The notice filed by Princesse states that it intends to take the deposition of Joyce Kinder "as the authorized corporate representative of the Defendant, Kinder Caviar, Inc." The accompanying subpoena identifies eighteen categories of documents to be produced at the deposition, including tax returns for a number of years, bank account and brokerage account statements, financial statements, and balance sheets. Princesse seeks production of records pertaining not only to Defendant Kinder Caviar, Inc., but also Black Star Caviar Company and Joyce and Steve Kinder individually. [*See* Record No. 136; attached Subpoena Duces Tecum.]

Joyce Kinder appeared on January 6, 2012, at the offices of Princesse's attorney in Louisville, Kentucky. [*See* Record No. 142; attached deposition transcript.] However, before

questioning commenced, Ms. Kinder read a statement indicating that she would not provide information due to a pending criminal proceeding. More specifically, Ms. Kinder stated:

> To all this matter concerns: On May 2, 2011, this Court entered an order postponing the proceedings of the Isenbourg case until 30 days after the trial of the criminal case against Kinder Caviar, Inc., had been concluded. The prosecutor of the criminal case has spoken about this Isenbourg case in length and therefore has acknowledged this case to the court residing [sic] over the criminal case. It is my understanding that the head agent in the criminal case is the same expert witness in the Isenbourg case. Clearly, the two cases are attached. Because the criminal case has not concluded, I believe it would be detrimental for me or Kinder Caviar, Inc., to give a deposition today. In no manner is this an attempt to stall action of the Isenbourg case. I am in the process of hiring an attorney to take over this case. Therefore, I assert my 5th Amendment Rights today. Due to inadequate notice I am not prepared to comply with the requests of today. Respectfully submitted.

[Record No. 142; attached deposition transcript]

After some explanation of the purpose of the deposition, counsel for Princesse advised Ms. Kinder that he would be filing a motion to compel answers to the questions regarding Defendant Kinder Caviar's assets. Counsel also stated that he did not intend to inquire into matters that would be harmful to Ms. Kinder's criminal case.

> If there were any questions that I would ask today that would in any way – you feel would harm your defense in the criminal case, you could let me know that. I would stop, as to that question. But my questions are going to be solely about the assets of Kinder Caviar, Black Star Caviar, and the business that you are doing now. It has nothing to do with the events that led up to what is proceeding up in criminal court up in Ohio.

[Record No. 142; attached deposition transcript]

## II.     Criminal Proceedings Pending in the United States District Court in Ohio

On March 9, 2011, Kinder Caviar, Inc., Black Star Caviar Co., Joyce Kinder and Steve T. Kinder were indicted by a federal grand jury in the Southern District of Ohio. [*United States*

*v. Kinder Caviar Inc., et al.,* No. 1: 11-cr-35-MRB] A superseding indictment was returned in the case on November 22, 2011. [Criminal Action Record No. 56] Thereafter, on January 9, 2012, a one-count information was filed charging Steve and Joyce Kinder with a violation of the Lacey Act under 16 U.S.C. §§ 3372(a)(2)(A), (a)(4), 3373(d)(2), and 18 U.S.C. § 2. More specifically, the information charged that:

> On or about May 5, 2007, in the Southern District of Ohio and elsewhere, Defendant Steve Kinder and Cornelia Joyce Kinder, aided and abetted by one another, did knowingly transport and sell, and attempt to transport and sell, fish, to wit: paddlefish, in interstate commerce when, in the exercise of due care, they should have known that said fish was taken in violation of, and in a manner unlawful under, the laws and regulations of the State of Ohio, specifically Ohio Revised Code, Chapter 1533.37 (prohibiting taking fish other than by angling), Chapter 1533.41 (prohibiting gill nets), and Chapter 1533.54 (prohibiting commercial fishing).

[Criminal Action Record No. 68]

One week later, a change of plea hearing was held with: (i) Kinder Caviar entering a guilty plea to Count 2 of the superseding indictment; (ii) Black Star Caviar Co. entering a guilty plea to Count 4 of the superseding indictment; (iii) Steve Kinder entering a guilty plea to Count 1 of the information; and (iv) Joyce Kinder entering a guilty plea to Count 1 of the information. The counts which were the subject of the corporate defendants' guilty pleas charged false labeling violations under the Lacey Act and allege that Joyce Kinder caused to be submitted false records regarding paddlefish eggs in connection with certain identified export registration forms in March 2007 and December 2010.

Thus, with the exception of sentencing, it appears that the criminal matter in the Southern District of Ohio is substantially completed. Neither Kinder Caviar nor its officers or agents have

identified any potential Fifth Amendment claim which might be implicated if Defendant Kinder Caviar is required to submit to a judgment debtor examination concerning its assets.

### III.   Analysis

Rule 37(a) provides that a party may move for an order compelling disclosure or discovery upon proper notice.  The motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.  In the present case, the discussions occurring during the January 6, 2012, deposition of Joyce Kinder demonstrate that neither Ms. Kinder nor her companies were likely to cooperate in discovery with Princesse at the time the deposition was noticed.  However, the Court is concerned that, notwithstanding this reluctance insufficient notice was given for the production of the documents listed in the subpoena duces tecum.  Additionally, in light of the guilty pleas entered in the criminal matter pending in the Southern District of Ohio, Defendant Kinder Caviar and its officers may no longer object to discovery based upon a Fifth Amendment claim.  There is no indication that any effort has been made to clarify the defendant's position following the guilty pleas entered in the criminal proceeding.

In light of the foregoing, the Court will grant a portion of the relief sought and outline procedures to be followed in re-scheduling the judgment debtor examination of Defendant Kinder Caviar, Inc.  Accordingly, being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      Plaintiff Princesse D'Isenbourg Et Cie Ltd.'s motion to compel [Record No. 142] and supplemental motion to compel [Record No. 144] are **GRANTED**, in part.

2.      Plaintiff Princesse D'Isenbourg Et Cie Ltd.'s motion for sanctions [Record No. 142] is **DENIED**, without prejudice to being renewed if the defendant fails to comply with the terms of this Order.  However, in the event the plaintiff renews its motion to compel, it must comply with the certification requirements of Rule 37.

3.      Plaintiff Princesse D'Isenbourg Et Cie Ltd. is granted leave to reschedule the deposition of the corporate representative of Defendant Kinder Caviar, Inc.  The deposition may be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The plaintiff must provide at least fourteen (14) days notice of the deposition.

4.      In the event the corporate representative appearing at the subsequently-scheduled deposition objects to providing any information or document in the company's possession which is relevant to the subpoena duces tecum, the deponent or his or her counsel must state the specific grounds for the objection. In the event any claim of privilege is asserted under the Fifth Amendment to the United States Constitution, the deponent or his or her counsel shall explain how providing the information would implicate such right.

This 23rd day of January, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge