UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| PRINCESSE D'ISENBOURG ET CIE LTD., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 09-29-DCR |
| V. | ) ) | |
| KINDER CAVIAR, INC., | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*\*   \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court for consideration of the motion by Plaintiff Princesse D'Isenbourg Et Cie Ltd. ("Isenbourg") for leave to file a supplemental complaint. [Record No. 148] Isenbourg requests leave, pursuant to Federal Rule of Civil Procedure 15(d), to file a supplemental complaint to assert a claim for fraudulent transfer and conveyance. [Record No. 148-2, p. 3] For the reasons discussed below, the Court will deny Isenbourg's motion.

Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental pleading is different from an amended pleading because "an amended pleading relates to matters which occurred prior to the filing of the original pleading and entirely replaces such pleading; a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352,

at *1 (M.D. Tenn. Dec. 4, 2009). Whether to grant a motion to file a supplemental pleading is within the discretion of the Court. *Marshall v. City of Columbus*, No. 2:05-CV-484, 2008 WL 4334616, at *2 (S.D. Ohio Sept. 17, 2008). The Court may consider the same factors that apply to motions filed pursuant to Rule 15(a): "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* (internal quotation marks omitted).

A final judgment was entered in this case on December 14, 2011. [Record No. 135] The general rule regarding motions brought under Rule 15 is that after "entry of final judgment, a party may not seek to amend [its] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). The entry of judgment does not necessarily preclude the use of Rule 15(d). *See Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 226 (1964). "Post-judgment application of the rule, however, is generally limited to situations in which a court specifically retained jurisdiction over the matter and where the conduct 'plaintiffs sought to challenge through supplemental pleading were alleged to be specific attempts by the defendants to contravene the courts' earlier rulings.'" *Ctr. for Biological Diversity v. Salazar*, No. CV 07-0038-PHX-MHM, 2010 WL 3924069, at *4 (D. Ariz. Sept. 30, 2010) (quoting *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 403 (9th Cir. 1997)). However, in all cases in which parties were permitted to file supplemental complaints after the entry of a final judgment, "the courts, as part of their final orders, required the parties to comply with broad,

aspirational directives," such as ending discrimination in school systems. *Planned Parenthood*, 130 F.3d at 403 (citing *Griffin*, 377 U.S. at 226).

This case is not one in which post-judgment application of Rule 15(d) would be appropriate. Even though Isenbourg claims that the defendants seek to contravene the Court's ruling, the order was not one "guiding the parties' future affirmative duties." *Id.* Rather, the judgment was simply a standard determination of liability and an award of damages. As it stands, there is no live case or controversy pending before the Court, so it does not have the power to grant Isenbourg's motion. *See Bredesen*, 2009 WL 4730352, at *1 (noting that motions to supplement under Rule 15(d) "can be brought at any time the action is before the trial court").

The Court notes that Isenbourg would fare no better if its motion were construed as a request to alter, set aside, or vacate the judgment in this matter. A court may deny a motion under Rule 15 if the amendment would be futile. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 519 (6th Cir. 2010). Here, the proposed supplemental complaint alleges that the defendants committed actions during the pendency of the proceeding that were intended to defraud Isenbourg of the judgment ultimately entered in its favor on December 14, 2011. [Record No. 148-2, ¶ 15 (asserting that the defendants fraudulently transferred assets to "hinder, delay and impede Isenbourg's ability to collect upon the Judgment recently entered by this Court")] If the Court were to vacate that judgment, there would be no basis for the claims in the supplemental complaint and the motion to file the supplemental pleading would be denied for futility.

Accordingly, it is hereby **ORDERED** that Princesse D'Isenbourg Et Cie Ltd.'s Motion for Leave to File Plaintiff's Supplemental Complaint [Record No. 148] is **DENIED**.

This 27th day of January, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge